UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAPID TOX SCREEN, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:15-CV-3632-B |
| | § | |
| CIGNA HEALTHCARE OF TEXAS, INC., CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Cigna Healthcare of Texas, Inc., Connecticut General Life Insurance Company, and Cigna Health and Life Insurance Company's (collectively, "Cigna") Motion to Dismiss (Doc. 10). For the reasons that follow, the Court concludes that permitting Plaintiff to replead its Original Complaint, informed by the detailed grounds set forth in Cigna's Motion to Dismiss, would significantly aid both parties' efforts toward efficiently resolving this case. Accordingly, the Court GRANTS Cigna's Motion to Dismiss (Doc. 10) and directs the Plaintiff to file an amended complaint no later than **September 9, 2016**.

By way of background, on November 10, 2015, Plaintiff Rapid Tox Screen, LLC ("Rapid Tox") sued Cigna for: (1) breach of plan provisions for benefits in violation of ERISA § 502(A)(1)(B);(2) violation of fiduciary duties of loyalty and due care in violation of ERISA § 404; (3) denial of full and fair review in violation of ERISA § 503; (4) clarification of rights under plan terms under ERISA § 502(A)(1)(B); (5) injunctive relief under ERISA § 502(A)(3);

(6) attorneys' fees; (7) breach of contract; (8) money had and received,(9) quantum meruit/unjust enrichment; (10) theft of services; (11) conversion; (12) fraud; (13) negligent misrepresentation; (14) bad faith insurance practices; (15) deceptive insurance practices;[1] and (16) violation of the Texas Prompt Payment Act. Doc. 1, Orig. Compl. ¶¶ 27–101.[2]

On February 16, 2016, Cigna filed its Motion to Dismiss Rapid Tox's Original Complaint on two grounds: (1) Rapid Tox lacks standing to pursue its ERISA claims, and (2) Rapid Tox has failed to state a claim upon which relief can be granted with respect to its non-ERISA claims (counts five through sixteen). Doc. 11, Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Orig. Compl. 5–8, 9–22 (Defs.' Br.). In its Response, Rapid Tox "concedes" Cigna's Motion to Dismiss in certain respects and agrees to withdraw counts two, five, and eleven of its Original Complaint. Doc. 14, Pl.'s Resp. and Br. in Supp. Against Defs.' Mot. to Dismiss Pl.'s Orig. Compl. at 8. (Pl.'s Resp.). Elsewhere in its Response, Rapid Tox seeks leave to amend counts two, five, seven, eight, nine, ten, twelve, thirteen, fourteen, and fifteen—as well as the claims in count sixteen that are not pre-empted by ERISA—contending that "it possesses sufficient facts to plausibly allege relief under these causes of action if the Court determines the Original Complaint fails to pass muster under Rule 12(b)(1) and (6)." *Id.* at 23.

Given Rapid Tox's concession with respect to the inadequacy of certain portions of its Original Complaint and its offer to withdraw and re-plead several of its claims, the Court concludes that, in the interests of efficiency, it should **GRANT** Cigna's Motion in its entirety. Accordingly, the Court **DISMISSES** all of Rapid Tox's claims **without prejudice**.

---

[1] Rapid Tox's paragraph numbering on counts twelve, thirteen, and fourteen overlap. *See* Doc. 1, Original Compl. ¶¶ 77–88. Further, claims seven to fifteen are directed toward the non-ERISA claims only.

[2] Plaintiffs list count fifteen twice. *See* Doc. 1, Orig. Compl. ¶¶ 89–101.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS** Cigna's Motion to Dismiss (Doc. 10) in its entirety; **DISMISSES** all of Rapid Tox's claims **without prejudice**; and directs Rapid Tox file an amended complaint no later than **September 9, 2016.**

SO ORDERED.

SIGNED: August 2, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE